ANTONIO BUSCAGLIA, Petitioner and Appellee, *v.* THE PEOPLE OF PUERTO RICO, Respondent and Appellant.

No. 8989. Argued November 8, 1944.—Decided November 27, 1944.

R. A. *Gómez*, Prosecuting Attorney (*Fiscal*), and *Luis Negrón Fernández*, Assistant Prosecuting Attorney, for appellant. *Felipe Colón Díaz* and *Arcilio Alvarado* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the court.

Antonio Buscaglia, appellee herein, filed in the District Court of Ponce a petition for habeas corpus in which he alleged that, on January 10, 1938, the said court sentenced him to a term of ten years in jail on a charge of violating § 11 of Act No. 67 of 1934; that said sentence was affirmed by this court on May 31, 1939; and that the petitioner was incarcerated in jail pending an appeal (*en sumaria*), from July 12, 1937, to the date of the affirmance of his sentence, as he was unable to give bail. He further alleged that, at various subsequent times, the following sentences had been imposed upon him, to wit:

1. On January 13, 1938, by the Municipal Court of Ponce, a $10-fine or 10 days in jail for assault and battery.

2. On March 15, 1938, by the District Court of Ponce, a 10-year term in jail, for a violation of § 11 of Act No. 67 of 1934.

3. On July 6, 1938, by the Municipal Court of Ponce, a $30-fine or 30 days in jail.

4. On November 30, 1938, by the District Court of Ponce, a 3-month term in jail for malicious mischief.

It was urged by the petitioner in the lower court that he was entitled to have deducted from the 10-year term of the first sentence, rendered on January 10, 1938, the period of 1 year, 10 months, and 19 days which he claims to have spent in jail (*en sumaria*) by reason of his inability to give bail; that in accordance with the Act of March 14, 1907, fixing reductions in the sentences of prisoners, and he having observed good conduct while in the jail, he was entitled to

a deduction of 10 days for each month, or a credit of 3 years and 4 months; that for the foregoing reasons, the petitioner was entitled to a total credit of 5 years, 2 months, and 19 days and he was bound to serve only 4 years, 9 months, and 11 days; and that as he was admitted to the jail on May 31, 1939, at the time of the filing of his petition for habeas corpus, on June 13, 1944, said sentence had already fully expired.

The Warden of the District Jail of Ponce refused to discharge the petitioner, among other reasons, because, in his judgment, the sentences imposed subsequent to that of January 10, 1938, were not concurrent, since it is not so expressly stated in the corresponding warrants of commitment. The petitioner maintains that all those sentences were served concurrently with the first one.

The lower court held that the petitioner was entitled to the credits claimed by him; that the sentences subsequent to that of January 10, 1938, have been served concurrently; and it ordered the immediate discharge of the petitioner, whereupon the District Attorney of Ponce took the present appeal.

In the first assignment of error the appellant prosecuting attorney urges that the lower court erred in holding that the petitioner was entitled to a credit for good conduct, amounting to one-third, on the whole of the 10-year sentence, or a credit of 3 years and 4 months, without it being necessary to deduct first any period of detention awaiting trial (*prisión preventiva*).

The pertinent part of the judgment appealed from reads as follows:

"The sentence in question was for a term of 10 years. In accordance with Act No. 14 of 1937 (*sic*), the prisoner is entitled to a credit of one-third, or 3 years and 4 months, which means that after deducting the same from the 10-year term, the prisoner must serve 6 years and 8 months."

180

The computation made by the judge of the lower court is in conflict with the decisions of this court in *Pérez* v. *Saldaña*, 60 P.R.R. 891, and *Echeandía* v. *Saldaña*, 61 P.R.R. 771; in which we held that any good conduct deduction to be made from the imprisonment term should be made from the day of the prisoner's confinement in the jail or penitenciary, as the case may be, to serve the sentence imposed upon him, and this term does not include the time spent in prison while awaiting trial (*prisión preventiva*). See *Aderhold* v. *Ellis*, 84 F. (2d) 543.

If for the purpose of passing upon said assignment we were to concede that the petitioner is entitled to have deducted from the 10-years term in jail, to which he was sentenced. the period of 1 year, 10 months, and 19 days, which he claims to have spent in prison while awaiting final sentence (*prisión preventiva*), then the sentence which he started to serve on May 31, 1939, would be reduced to 8 years, 1 month, and 11 days. By deducting the good conduct allowance of 10 days for each month granted to the prisoner, the latter would be entitled to a total credit of 2 years, 8 months, and 13 days and, as a result, the term of his sentence would be reduced to 5 years, 4 months, and 28 days. As the petitioner was admitted to the jail, for the purpose of serving his sentence, on May 31, 1939, the term of 5 years, 4 months, and 21 days should have expired on October 28, 1944. It follows, then, that even if we were to concede that the petitioner was entitled to a credit of 1 year, 10 months, and 19 days as for detention awaiting final sentence (*prisión preventiva*), we would always have to hold that when he was discharged on June 19, 1944, he had still to serve 4 months and 11 days before his sentence expired.

The *Fiscal* in his second assignment mantains that the lower court erred in regarding as detention awaiting final sentence (*prisión preventiva*), and hence to be deducted from the 10-year term of the sentence, the period elapsed from January 10, 1938, the date on which final judgment was

rendered by the district court, to May 31, 1939, the date on which said sentence was affirmed by this court.

The question involved in this assignment was considered by this court and decided in favor of the contention of the *Fiscal* in *Rivera* v. *Saldaña,* 62 P.R.R. 420. In said case we held that the time elapsed during the prosecution of an appeal from the district court to the Supreme Court should not be computed as a part of the period of detention awaiting final sentence (*prisión preventiva*). Section 1 of the Act of March 14, 1907, provides that, whenever an accused is unable, by reason of poverty, to secure bondsmen and is therefore held in custody while awaiting trial, "and is thereafter sentenced to a term of imprisonment, such term of imprisonment shall be reduced by the time already spent in custody from *the time of arrest to the time when final sentence is rendered."* (Italics ours.) Construing the phrase "final sentence" used in the statute, we held that a final judgment of conviction is one from which the defendant may appeal to this court, according to subdivision 1 of § 347 of the Code of Civil Procedure. See *Noel* v. *State,* 188 Pac. 688, 690; 38 Words and Phrases, 597 (*et seq.*); 24 C.J.S., Criminal Law, § 1995 b. and d. (3), pp. 1226, 1227. And we finally held that "since the Legislature had failed to expressly include as a part of the credit allowed for detention awaiting final sentence (*prisión preventiva*) the period of time comprised in the prosecution of an appeal, said period should not be deducted from the sentence upon an affirmance thereof." The lower court erred in including as a deductible credit for detention while awaiting final sentence (*prisión preventiva*) the period of 1 year, 4 months, and 21 days elapsed from January 10, 1938, the date on which final judgment was rendered by the district court, to May 31, 1939, the date on which said sentence was affirmed by this court.

By reason of the two errors committed by the trial court we feel constrained, in the interest of a greater clearness, to

state concisely the manner in which the original sentence of ten years' imprisonment in jail, imposed upon the petitioner, should be liquidated.

(a) By deducting from the 10-year term, to which the petitioner was sentenced, the period of 5 months and 28 days during which he was held in custody awaiting trial (*prisión preventiva*), from the time of his arrest until January 10, 1938, when final judgment was rendered by the district court, the unserved term would be reduced to 9 years, 6 months, and 2 days.

(b) After crediting the petitioner with one-third of said term, the latter would be further reduced to 6 years and 4 months. As he started to serve the sentence on May 31, 1939, said term of 6 years and 4 months should expire on September 30, 1945.

(c) When petitioner was prematurely discharged, on June 19, 1944, by virtue of the judgment appealed from herein, he had still to serve 1 year, 3 months, and 11 days before the sentence would expire.

In the third and last assignment the appellant prosecuting attorney urges that the lower court erred in holding that the 10-year sentence of March 15, 1938, imposed upon the petitioner Antonio Buscaglia, had been served concurrently with the first sentence, rendered on January 10, 1938, and affirmed on May 31, 1939.

The second sentence, to which the *Fiscal* refers, was rendered on March 15, 1938, by the District Court of Ponce, in case No. 6705, and affirmed by this court on June 19, 1941 (*People* v. *Buscaglia*, 58 P.R.R. 920). Said sentence, which started to be served on June 19, 1941, from that date on ran concurrently with the first 10-year sentence which the petitioner had started to serve on May 31, 1939. The period of time during which the petitioner will have served both sentences concurrently is the one comprised between June 19, 1941, when he started to serve the second sentence, and the date on which the first will have expired. That period, dur-

ing which the two sentences have been served concurrently, should be credited to the petitioner on the 10-year term of the second sentence, and he must serve that portion of the second sentence which has not already been served concurrently with the first. In accordance with the decision of this court in *Dones* v. *Saldaña*, 60 P.R.R. 177, the operation of the second sentence, rendered on March 15, 1938, was suspended until the appeal taken by the petitioner was finally determined on June 19, 1941. In said case we held that "Our statutes do not contain any legal provision to the effect that in a situation like the one presented in the instant case, the term of a subsequent sentence must be computed from the time when the term under a previous sentence began to be served."

Since the petitioner has not served the whole of the first sentence, nor of the second which, although concurrent with the first, did not start to run until June 19, 1941, his imprisonment is not illegal, and therefore the lower court erred in sustaining the petition for habeas corpus.

The judgment appealed from should be reversed and another rendered instead ordering the arrest and commitment of the petitioner to the District Jail of Ponce, where he must be confined until he shall have served the sentences of January 10, 1938, and March 15, 1938, in accordance with the law and the terms of this opinion.

Mr. Justice Todd, Jr., did not participate herein.